**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| -v- | : | Criminal No. 21-cr-205-DLF-1 |
| | : | |
| **MARISSA SUAREZ** | : | |

### DEFENDANT'S MARISSA SUAREZ'S MOTION PURSUANT TO 18 U.S.C. § 3564 FOR EARLY TERMINATION OF PROBATION

Defendant, Marissa Suarez, by and through her attorney, Rocco C. Cipparone Jr., Esquire, for the reasons set forth below, respectfully requests that the Court terminate her probation supervision pursuant to 18 U.S.C. § 3564(c). In support thereof, it is stated:

1. On July 12, 2022 (Judgment entered July 18, 2022), Marissa Suarez was sentenced by the Honorable Dabney L. Friedrich, to thirty-six (36) months of probation, a $2,000 fine, $500 restitution and a $10 special assessment, and 60 hours of community service in connection with her guilty plea to violating 40 U.S.C. § 5104(e)(2)(G), parading, demonstrating or picketing in a Capitol Building. Docket Entry 71 (Judgment).

2. Ms. Suarez has completed her community service obligation. Ms. Suarez has also paid her fine, restitution and special assessment in full. Ms. Suarez has been in full compliance with all other conditions of her probation including productive mental health therapy, and negative drug testing (she was administered 3 tests with negative results and no further testing was requested by the probation officer).

3. Ms. Suarez was encouraged by her Probation Officer Francis to file the instant motion.

1

4.	During her time on probation, Ms. Suarez has further come to appreciate the wrongful nature of her conduct of conviction (which she fully accepted previously by her guilty plea and at the time of sentencing) and has shown personal growth and a commitment to achieving positive life goals. Ms. Suarez has remained gainfully employed, purchased a business, and has remained the productive member of society she always has been, aside from her aberrational judgment error in committing her offense of conviction.

5.	Ms. Suarez had no arrests or prior convictions, and has no arrests or convictions since her sentencing in this matter.

6.	Pursuant to 18 U.S.C. § 3564(c), a Court is permitted to "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

7.	The Office of United States Probation and Pretrial Services encourages early termination in appropriate cases, as outlined in *The Supervision of Federal Offenders (2008), Monograph 109* (relevant portions attached hereto as **Exhibit A**). Ms. Suarez satisfies the assessment criteria outlined in *Monograph 109,* Chapter III, pgs. 28-30. Moreover, she has continued to meet the requirements of her supervision, has a stable residence and employment, and does not pose a danger to the public, warranting early termination of her term of probation.

8.	The Second Circuit has found that, pursuant to § 18 U.S.C. § 3583(e), early discharge from supervision is also appropriate to account for new or unforeseen circumstances not contemplated at the initial imposition of supervision. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). These new circumstances include post-sentence rehabilitation and a

defendant's "exceptionally good behavior" that makes "the previously imposed term of [supervision] either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). In such cases, the court may. . .discharge the defendant from [supervision]." *Id.*

9.  The Honorable Robert Holmes Bell, Chair of the Judicial Conference Committee on Criminal Law, issued a memorandum dated February 16, 2012, regarding Cost-Containment Strategies Related to Probation and Pretrial Services Offices, attached as **Exhibit B**. The purpose of this memorandum was to conform to budget constraints and align the resources of the United States Probation Department and Pre-Trial Services. Similar to *Monograph 109*, it promotes early termination of supervision in certain cases in order to allocate more resources for complex and serious offenders. This Committee clearly understood both the cost of supervision and the reality that some offenders do rehabilitate. In those cases, the Committee advocates for early termination of supervision. Ms. Suarez also meets the criteria listed in this memorandum for the early termination of his supervised release.

10. Pursuant to the above, an early termination of probation is appropriate and warranted in Ms. Suarez's case, as demonstrated by her compliance with her conditions of supervised release, her post-sentencing rehabilitative efforts, and her "exceptionally good behavior" while on supervision. *Lussier*, 104 F.3d at 36.

**WHEREFORE**, for the reasons stated above, the interests of justice are better served by *not* requiring Ms. Suarez to complete the thirty-six month term of probation imposed on her, and she respectfully moves this Court for an Order terminating such.

Respectfully submitted,

/s/Rocco C. Cipparone, Jr.
Rocco C. Cipparone, Jr., Esquire
Attorney for Marissa Suarez